BARTON BARTON & PLOTKIN LLP
Attorneys for Plaintiff
420 Lexington Avenue, 18th Floor
New York, New York 10170
(212) 687-6262
Mathew E. Hoffman

JACOBSON HOLMAN PLLC
Attorneys for Plaintiff
400 7th Street, NW
Washington, DC 20004
Marsha G. Gentner

U.S. DISTRICT COURT E.D.N.Y

★ MAY 04 2010 ☆

BROOKLYN OFFICE

**CV 10 - 2027**

**ROSS, J.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
KAWAN FOOD MANUFACTURING SDN BHD,

                Plaintiff,

-against-

SOUTHERN FOODS USA, INC.,

                Defendant.
------------------------------------------------------------- x

**Case No.**

**GOLD, M.J.**

**COMPLAINT**

Plaintiff Kawan Food Manufacturing Sdn Bhd, by its attorneys, Barton, Barton & Plotkin, P.C., and Jacobson Holman, Pllc, for its complaint against the Defendant, Southern Foods USA, Inc., alleges upon knowledge with respect to Plaintiff's own acts and upon information and belief with respect to the acts of others, as follows:

### NATURE OF THE CASE

1.    This case involves the blatant and deliberate counterfeiting of Plaintiff's registered trademark, trade dress and copyrighted packaging. It is an action for temporary restraining order, injunctive relief, monetary and other appropriate relief arising under the Lanham Act of 1946, as amended, 15 U.S.C. §1051, *et seq*; the Copyright Act of 1976, as

amended, 17 U.S.C. §101, *et seq.*; New York General Business Law, N.Y. Gen. Bus. Law ("GBL") § 349, 350-a, and 360-l; New York Arts and Cultural Affairs Law, N.Y. Art & Cult. Affr. §33.01, *et seq.*; and common law.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1338, and 15 U.S.C. §1121.

3.    Venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391(b) and (c) as the Defendant resides, and/or a substantial portion of the events giving rise to the claims herein arose, in this judicial district.

## PARTIES

4.    Plaintiff Kawan Food Manufacturing SDN BHD ("Kawan ") is a corporation duly organized and existing under the laws of the Malaysia, with a principal place of business at Lot 20, Jalan Pengapit 15/19, 40000 Shah Alam, Selangor Darul Ehsan, Malaysia.

5.    Defendant Southern Foods USA, Inc. ("SoFoods") is a New York corporation with a place of business at 36-33 22nd Street, Astoria, New York.  SoFoods has been, and is, doing business in the State of New York and in this judicial district.

## FACTS COMMON TO ALL CAUSES OF ACTION

6.    Plaintiff Kawan is a manufacturer of a comprehensive range of traditional West Asian leavened and unleavened flat breads, pastries and curries.  Plaintiff Kawan is located, and manufactures its products in Malaysia.  Plaintiff Kawan produced the world's first frozen paratha – an unleavened bread originating from the Northern part of the Indian subcontinent – paving the way for a new segment of consumer food products. Plaintiff Kawan's products are marketed,

2

sold and distributed worldwide, in Europe, Asia, Africa, Australia, New Zealand, and the United States, including in this judicial district.

7. Plaintiff Kawan's products are produced in a state of the art manufacturing factory, conforming to the highest food and safety standards. Because Plaintiff Kawan's products are manufactured in Malaysia and Plaintiff has a manufacturing license in Malaysia, a distinctive insignia (Plaintiff's Exhibit ["PX"] 5, hereafter referred to as the "Malaysia Certificate of Origin") may be, and is, applied to Plaintiff's products, identifying their geographic origin.

8. Plaintiff Kawan's products also are certified as "Halal" by the Islamic Development Department of Malaysia; such Malaysia Halal products are entitled to bear the certification mark shown in PX 6 (hereafter the "MMH Halal Certification mark") which appears on the Kawan products and marketing materials.

9. Plaintiff Kawan has been conducting business under the trade name **KAWAN** since 1996. "**KAWAN**" is completely arbitrary and distinctive as to traditional West Asian leavened and unleavened flat breads, and as to food products, in general. The **KAWAN** trade name and trademark is prominently applied to all of the packaging for products manufactured and distributed by Plaintiff Kawan, and to all marketing and promotion for these products. Commencing long prior to the acts of Defendant SoFoods complained of herein, Plaintiff has used the **KAWAN** name and mark to identify Plaintiff's paratha and other food products and distinguish them from those of others. Since the initial use of the **KAWAN** name and mark, Plaintiff's paratha and other food products continuously have been marketed, promoted, offered for sale and sold in commerce in the United States, including in New York and in this judicial district, by Plaintiff under and in connection with the **KAWAN** trade name and trademark.

3

10.     Plaintiff Kawan's products and marketing materials also bear a distinctive logo comprised of a design of two leaves, with the left leaf appearing in the color yellow, and the right leaf appearing in the color green, and having a border outline for both leaves in a contrasting shade of green (said logo, hereafter referred to as the "**Kawan Leaf Logo**" is shown in PX 2). Commencing long prior to the acts of Defendant SoFoods complained of herein, Plaintiff Kawan has used the **Kawan Leaf Logo** to identify Plaintiff's paratha and other food products and to distinguish them from the products of others. Since the initial use of the **Kawan Leaf Logo**, Plaintiff continuously has marketed, distributed, offered for sale and sold paratha and other food products under and in connection with the **Kawan Leaf Logo**, in commerce in the United States (including in New York and this judicial district).

11.     Since its initial use, the **Kawan Leaf Logo** continuously has been used in commerce, New York and in this judicial district by Plaintiff, alone and in conjunction with the **KAWAN** trademark, wherein the mark **KAWAN** appears in red, stylized written script between two horizontal lines directly below the **Kawan Leaf Logo** (said mark, hereafter referred to as the "**Kawan & Logo** composite mark", is shown in PX 3).

12.     Plaintiff Kawan is the owner of U.S. trademark Registration No. 3,127,305, issued August 8, 2006, for the mark **KAWAN** and a design consisting of the **Kawan Leaf Logo**. *See* PX 1. Said registration is valid and subsisting, and operates as *prima facie* evidence of the validity of the registered mark, and Plaintiff's exclusive right to use same throughout the United States, including this judicial district, on the goods set forth in the registration. *See* 15 U.S.C. § 1057(b) and § 1115(a).

13.     Plaintiff Kawan sells its paratha product in two sizes: a package containing five (5) pieces, and a package containing twenty-five pieces, called the "Value Pack." Plaintiff

4

Kawan created distinctive packaging for the Kawan five-piece and Value Pack paratha products, including original photographs, text, artwork and graphics (hereafter, collectively, the "**Kawan Packaging**"), *see* PX 3A-C, to identify the Kawan paratha and other food products and to distinguish them from the products of others. For many years, and at least since prior to the acts of Defendant SoFoods complained of herein, Kawan's paratha and other food products continuously have been sold in such distinctive **Kawan Packaging** in commerce in the United States, including in New York and in this judicial district. Plaintiff Kawan extensively and exclusively has promoted and marketed the **Kawan Packaging** in connection with the Kawan food products, depicting such distinctive packaging in brochures, on Plaintiff's web site, and other promotional materials. As a result of such long and exclusive use, and extensive marketing and distribution, the consuming public has come to know and recognize the **Kawan Packaging**, and to identify same with Plaintiff Kawan and/or the paratha and other food products manufactured, marketed, distributed and sold by Plaintiff.

14. Defendant SoFoods imports, distributes wholesale, and sells food products in the United States, including in New York and in this judicial district. Among the products Defendant SoFoods has sold and is selling are genuine Kawan paratha products obtained from Plaintiff Kawan and/or an authorized distributor of Plaintiff in the United States.

15. However, some time prior to April, 2010, Defendant SoFoods caused to be manufactured in Bangladesh, and began to import, sell, and distribute in commerce, in New York and in this judicial district, paratha bearing Plaintiff's **KAWAN** name and mark, **Kawan Leaf Logo**, and registered **KAWAN & Logo** composite mark, in packaging substantially indistinguishable from, and which are copies of, both the five-piece and Value Pack Kawan Packaging. *See* PX 4A and 4B. Also appearing on these packages that Defendant SoFoods

5

caused to be manufactured, and imported distributed and sold in commerce and in this judicial district, is the designation "Manufactured by KAWAN FOOD MAUFACTURING SDN BHD" or "KG PASTRY MARKETING SDN BHD" (Plaintiff Kawan's related company and former marketer of Kawan food products in the United States). The Malaysia Certificate of Origin and the MMH Halal Certification mark also appear on the aforesaid packaging for the products manufactured in Bangladesh at the behest of, and imported, distributed and sold in the United States, New York, and in this judicial district by, Defendant SoFoods.

16. The paratha products caused to be manufactured in Bangladesh by Defendant SoFoods, and imported, distributed and sold by SoFoods in commerce, New York, and in this judicial district, in the packaging shown in PX 4A and 4B (collectively, the "SoFoods Counterfeit paratha") was not manufactured by, and/or at the behest and/or under the authority of, Plaintiff Kawan, in Malaysia or elsewhere. Defendant SoFoods is not authorized to manufacture, import, distribute and/or sell, anywhere in the world, the SoFoods Countefeit paratha, and/or any product in the packaging shown in PX 4A and/or 4B. Defendant SoFoods is not authorized to manufacture, import, distribute and/or sell, anywhere in the world, product manufactured by anyone other than Plaintiff Kawan, which bears the **KAWAN** name and mark, the **Kawan Leaf Logo**, and/or the **Kawan & Logo** composite mark (hereafter sometimes collectively, the "**KAWAN Marks**") and/or which is contained in the **Kawan Packaging** and/or packaging which is substantially indistinguishable from said **Kawan Packaging**. Defendant SoFoods is not authorized to make, import, distribute and/or sell, anywhere in the world, copies of the Kawan Packaging for product that is not manufactured in Malaysia by, and obtained from, Palintiff Kawan.

6

17.     The SoFoods Counterfeit paratha is inferior in quality to Plaintiff Kawan's paratha products.

## FIRST CLAIM FOR RELIEF

(Counterfeiting and Infringement of Trade Name
and Marks under the Lanham Act and Common Law)

18.     Plaintiff restates and realleges ¶¶1 through 17, above, and hereby incorporates same by reference as if fully set forth herein.

19.     Defendant SoFoods has used in connection with the importation, sale, offering for sale, and distribution of the SoFoods Counterfeit paratha, reproductions, counterfeits, copies and colorable imitations of Plaintiff's **KAWAN** trade name and trademark, Plaintiff's **Kawan Leaf Logo**, and Plaintiff's federally registered **KAWAN & Logo** composite mark (said designations as used by Defendant hereafter sometimes collectively referred to as the "Counterfeit marks"); further, the use of the Counterfeit marks by Defendant as set forth herein, is likely to cause confusion or to cause mistake or to deceive, and is likely to induce the belief that the SoFoods Counterfeit paratha distributed, marketed, offered for sale and/or sold by Defendant, are genuine products of Plaintiff Kawan.

20.     Defendant SoFoods undertook the use of the Counterfeit marks, and the "Kawan Manufacturing SDN BHD" name, as aforesaid, knowing the same to be false, counterfeit and/or imitations of Plaintiff Kawan's **KAWAN Marks**.

21.     Defendant SoFoods' use of each of the Counterfeit marks was without the authorization and/or consent of Plaintiff Kawan.

7

22.     By reason of its acts as aforesaid, Defendant SoFoods has committed counterfeiting and trade name and trademark infringement under 15 U.S.C. §1114, §1124 and §1125a, and common law.

23.     Plaintiff Kawan has suffered and will continue to suffer irreparable harm and damage as a result of Defendant's willful counterfeiting and infringement, in an amount not yet ascertainable, entitling Plaintiff Kawan to injunctive relief, to recover actual damages, including Defendant's profits, and/or if Plaintiff elects, statutory damages, and other relief under 15 U.S.C. §1116 and §1117, and common law.

24.     The acts of Defendant SoFoods as aforesaid, render this an exceptional case and entitle Plaintiff Kawan to recover three times the amount of Plaintiff's actual damages including Defendant's profits, and/or, if Plaintiff Kawan elects, up to $2,000,000 per counterfeit mark per product, as well as attorneys' fees as provided for under 15 U.S.C. §1117 and at common law.

25.     Defendant SoFoods will continue in its counterfeiting and infringement unless enjoined by this Court, and Defendant SoFoods will seek, surreptitiously, to continue to sell the SoFoods Counterfeit paratha, unless such is seized and destroyed by authority of this Court.

## SECOND CLAIM FOR RELIEF

### (Trade Dress Infringement)

26.     Plaintiff restates and realleges ¶¶1 through 25, above, and hereby incorporates same by reference as if fully set forth herein.

27.     The use by Defendant SoFoods of the packaging as exemplified by PX 4A and 4B (hereafter, collectively, the Counterfeit packaging") in commerce and in this judicial district in connection with the importation, distribution, offering for sale, and sale of the SoFoods Counterfeit paratha as aforesaid, is likely to cause confusion, mistake or to deceive, with respect

8

to Plaintiff Kawan, the Kawan food products, and/or the **KAWAN Packaging** and trade dress, and/or as to the origin or sponsorship of the SoFoods Counterfeit paratha vis-à-vis the genuine Kawan paratha marketed, promoted, and/or sold under, or in connection with, the **KAWAN Packaging** and trade dress.

28.     Defendant SoFoods undertook the use of the Counterfeit packaging as aforesaid, knowing same to be reproductions, copies and colorable imitations of, and spurious designations substantially indistinguishable from, the **KAWAN Packaging** and trade dress.

29.     Defendant's use of the Counterfeit packaging was without the consent or authorization of Plaintiff Kawan.

30.     By reason of its acts as aforesaid, Defendant SoFoods has committed trade dress infringement under 15 U.S.C. §1125a and under common law.

31.     Plaintiff Kawan has suffered and will continue to suffer irreparable harm and damage as a result of Defendant SoFoods' willful trade dress infringement, in an amount not yet ascertainable, entitling Plaintiff to injunctive relief, to recover its actual damages, including Defendant's profits, and other relief under 15 U.S.C. §1117 and common law.

32.     Defendant SoFoods' acts as aforesaid, render this an exceptional case and entitle Plaintiff Kawan to recover three times the amount of Plaintiff's actual damages including Defendant's profits, as well as attorneys' fees as provided for under 15 U.S.C. §1117 and common law.

33.     Upon information and belief, Defendant SoFoods will continue in its infringing acts unless enjoined by this Court.

## THIRD CLAIM FOR RELIEF

(Imitation of, and Offenses Against, Trademarks)

34.     Plaintiff restates and realleges ¶¶ 1 through 33, above, and hereby incorporates same by reference as if fully set forth herein.

35.     The Counterfeit marks as used by Defendant SoFoods, as aforesaid, so resemble Plaintiff's **KAWAN Marks**, as to be likely to induce the belief that said designations and counterfeits used by Defendant and/or appearing on the SoFoods Counterfeit paratha, are genuine.

36.     The "Kawan Food SDN BHD" designation affixed to the SoFoods Counterfeit paratha imported, distributed, offered for sale and sold by Defendant SoFoods in New York as aforesaid, so resembles Plaintiff's **KAWAN** name and mark as to be likely to induce the belief that such are genuine.

37.     The Counterfeit package, as used in New York in connection with the importation, distribution, offering for sale, and sale of the SoFoods Counterfeit paratha by Defendant as aforesaid, so resembles and imitates the **Kawan Packaging** as to be likely to induce the belief that such are genuine.

38.     By reason of its acts as aforesaid, and its knowing counterfeiting, and trademark and trade dress infringement, Defendant SoFoods has committed offenses against, and imitation of, trademarks under New York Art. & Cult. Affr. §33.07 and §33.09.

39.     Plaintiff Kawan has suffered and will continue to suffer irreparable harm and damage as a result of Defendant's imitation of, and offenses against, trademarks, as aforesaid, in an amount not yet ascertainable, entitling Plaintiff to injunctive relief, to recover its actual

damages, including Defendant's profits, as well as attorneys' fees as provided for in N.Y. GBL §360-m, and at common law.

40.     Defendant SoFoods will continue it its imitation of and offenses against trademarks unless enjoined by this Court.

## FOURTH CLAIM FOR RELIEF

### (Injury to Business Reputation)

41.     Plaintiff restates and realleges ¶¶ 1 through 40, above, and hereby incorporates same by reference as if fully set forth herein.

42.     The Counterfeit marks and the "KAWAN FOOD SDN BHD" designation, used by Defendant SoFoods in New York, as set forth herein, are virtually identical, and substantially similar, to Plaintiff's **KAWAN Marks**.

43.     The Counterfeit packaging, as used by Defendant SoFoods in New York, as set forth herein, is substantially indistinguishable from, and similar to, Plaintiff's **Kawan Packaging**.

44.     The use by Defendant SoFoods of the Counterfeit marks and Counterfeit packaging, as aforesaid, is likely to injure the business reputation of Plaintiff Kawan and/or each of the **KAWAN Marks** and/or **Kawan Packaging** and trade dress, and/or to tarnish and/or dilute the distinctive quality of each of said Marks and/or trade dress of Plaintiff Kawan.

45.     By reason of its acts as aforesaid, Defendant has committed injury to, and violated the rights of, Plaintiff, under N.Y. GBL § 360-1.

46.     Plaintiff has suffered and will continue to suffer irreparable harm and damages as a result of Defendant's injury to business reputation, entitling Plaintiff kawan to injunctive relief under N.Y. GBL ß 360-1.

11

47.    Defendant will continue in its injury to business reputation unless enjoined by this Court.

## FIFTH CLAIM FOR RELIEF

### (Copyright Infringement)

48.    Plaintiff restates and realleges ¶¶ 1 through 47 above, and incorporates same by reference as if fully set forth herein.

49.    The **Kawan Packaging**, including the photographs, artwork, text and graphics incorporated into such packaging, constitute original works of authorship fixed in a tangible medium of expression.

50.    Plaintiff Kawan is the author of, and owner of copyright rights in, the **Kawan Packaging**.

51.    The **Kawan Packaging** was first published outside of the United States.

52.    Defendant SoFoods had access to the **Kawan Packaging** prior to printing and/or producing the Counterfeit packaging.

53.    The Counterfeit packaging was copied and/or reproduced from Plaintiff's **Kawan Packaging** and/or the copyrightable works comprising the **Kawan Packaging**.

54.    Defendant Sofoods has imported, reproduced, prepared derivative works based on, and distributed copies of, and/or has induced and/or caused others to import, reproduce, prepare derivative works based on, and distribute copies of, Plaintiff's copyrighted **KAWAN Packaging** and/or the copyrightable works contained in the **Kawan Packaging**, without the consent or authorization of Plaintiff Kawan.

55.   By reason of its acts as aforesaid, Defendant SoFoods has committed copyright infringement, contributory infringement, and/or inducement of infringement, in violation of 17 U.S.C. §501.

56.   Defendant's copyright violations are knowing and willful and in conscious disregard of Plaintiff's copyright rights.

57.   Plaintiff has suffered, and will continue to suffer, irreparable harm and damage as a result of Defendant's willful copyright infringement and violation, in an amount not yet ascertainable, entitling Plaintiff to recover its actual damages, the profits of Defendant, destruction of all copies of the Counterfeit packaging, as well as injunctive and other appropriate relief under 17 U.S.C. §502, §503, and §504.

58.   Defendant will continue in its copyright infringement unless enjoined by this Court, and Defendant SoFoods will seek, surreptitiously, to continue to sell the SoFoods Counterfeit paratha, unless such is impounded and destroyed by authority of this Court.

## SIXTH CLAIM FOR RELIEF

(False Representation and Designation of Origin,
Deceptive Acts and Practices and False Advertising)

59.   Plaintiff restates and realleges ¶¶ 1 through 58 above, and hereby incorporates same by reference as if fully set forth herein.

60.   Defendant SoFoods has imported, distributed, offered for sale and sold products in the Counterfeit packaging, in commerce, New York and in this judicial district, with a mark bearing the word "HALAL" which is a colorable imitation of and so resembles, and which is intended to simulate and imitate, the MMH Halal certification, and/or to falsely represent or suggest that the SoFoods Counterfeit paratha products have characteristics, qualities, an approval

and/or sponsorship which they do not have. The SoFoods Counterfeit paratha of Defendant are not certified "Halal" by the Islamic Development Department of Malaysia, and/or any other recognized "Halal" certifying body.

61.    Defendant SoFoods has imported, distributed, offered for sale and sold products in the Counterfeit packaging, in commerce, New York and in this judicial district, with a mark that is a copy and colorable imitation of and so resembles, and which is intended to simulate and imitate, the Malaysia Certificate of Origin and/or to falsely represent or suggest that SoFoods Counterfeit paratha have characteristics, qualities, and/or a geographic origin which they do not have; said SoFoods Counterfeit paratha products imported, offered for sale, distributed and sold by Defendant are not manufactured or produced in Malaysia, and the manufacturer of said products does not have a manufacturing license in Malaysia.

62.    The use by Defendant in commerce, including in New York and in this judicial district, as aforesaid, of a false and/or misleading description or representation, and/or false designation of origin, is likely to cause confusion, mistake, or to deceive as to the origin, sponsorship and/or approval of the products distributed, offered for sale and sold by Defendant SoFoods, and further misrepresents the characteristics, qualities and geographic origin of said SoFoods Counterfeit paratha products of Defendant.

63.    By reason of its acts as aforesaid, Defendant has committed false designation and representation of origin, false advertising, false labeling, and/or deceptive acts and practices, in violation of 15 U.S.C. §1125(a), N.Y. GBL §349(a), N.Y. GBL §350-a, and under common law.

64.    Defendant's false advertising and deceptive acts and practices, as aforesaid, are recurring and adverse to the public interest.

65. Plaintiff has suffered, and will continue to suffer, irreparable harm and damage as a result of the false representations and designation of origin, false advertising, false labeling, and deceptive acts and practices of Defendant, in an amount not yet ascertainable, entitling Plaintiff to recover its actual damages, the profits of Defendant, as well as injunctive and other appropriate relief under 15 U.S.C. §1116 and §1117, N.Y. GBL §349(h), and under common law.

66. The Defendant's acts render this an exceptional case entitling Plaintiff Kawan to recover up to three times the amount of its actual damages, including Defendant's profits, and attorneys' fees as provided for under 15 U.S.C. §1117, N.Y. GBL §349(h), and under common law.

67. Defendant will continue in its false designation and representation of origin, false advertising, and deceptive acts and practices, unless enjoined by this Court.

## SEVENTH CLAIM FOR RELIEF

(Unfair Competition)

68. Plaintiff restates and realleges ¶¶1 through 67 above, and hereby incorporates same by references as if fully set forth herein.

69. By reason of its acts as aforesaid, Defendant has committed unfair competition, in violation of Plaintiff's rights under 15 U.S.C. §1126(g) and (h), and at common law.

70. Plaintiff has suffered, and will continue to suffer, irreparable harm and damage as a result of Defendant's unfair competition, in an amount not yet ascertainable, entitling Plaintiff to recover its actual damages, the profits of Defendant, as well as injunctive and other appropriate relief under 15 U.S.C. §1116, §1117 and §1126(h), and under common law.

71.     Defendant's acts of unfair competition render this an exceptional case, entitling Plaintiff to recover up to three times the amount of its actual damages, including Defendant's profits, and attorneys' fees as provided for under 15 U.S.C. §1117 and under common law.

72.     Defendant will continue in its acts of unfair competition unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kawan Food Manufacturing SDN BHD prays that:

A.     Judgment be found and entered against Defendant Southern Foods USA, Inc., on each of Plaintiff's claims for relief, for: counterfeiting, infringement and imitation of, and offenses, against trademarks, trade name and trade dress, and injury to business reputation, in violation of 15 U.S.C. §1114, §1124 and §1125a, N.Y. Art. & Cult. Affr. §33.09, N.Y. GBL §360-l and Plaintiff's rights at common law; copyright infringement in violation of 17 U.S.C. §501; false designations and representations of origin, false advertising, and deceptive acts and practices, in violation of 15 U.S.C. §1125(a), N.Y. GBL §349(a) and §350-a, and Plaintiff's rights under common law; and unfair competition, in violation of 15 U.S.C. §1126(g) and (h), and Plaintiff's rights under common law.

B.     A preliminary and permanent injunction issue enjoining Defendant, and each of its officers, directors, agents, servants, employees, and representatives, and all those acting in concert or participation with Defendant who receive actual notice, from:

(1)     using in any manner Plaintiff's **KAWAN** mark, Plaintiff's **Kawan Leaf Logo**, and/or Plaintiff's **KAWAN & Logo** composite mark, and/or any counterfeit, colorable imitation or simulation thereof, and/or any spurious designation that is identical with or substantially indistinguishable from any of

16

said marks, in connection with any food products imported, distributed, advertised, marketed, offered for sale and/or sold by Defendant in the United States which is not manufactured by or on behalf of, Plaintiff;

(2)    using in any manner, Plaintiff's trade dress as exemplified in PX 3A-C, or any counterfeit of, colorable imitation or simulation thereof, and/or any spurious designation that is identical with or substantially indistinguishable from said trade dress, including but not limited to, the Counterfeit packaging as exemplified in PX 4A-B, in connection with the importation, advertising, promotion, distribution, offering for sale, and/or sale, of any food product, in the United States which is not manufactured by or on behalf of, Plaintiff;

(3)    importing, reproducing, copying, distributing copies of, and/or making derivative works based upon, the **Kawan Packaging** as exemplified in PX 4A-B, and/or inducing and/or contributing to, the importation, reproduction, copying, ditribution of copies of, and/or the making of derivative works based upon, the **Kawan Packaging**.

C.    The Court require that any and all SoFoods Counterfeit paratha, and any packaging, labels, signs, prints, advertisements, brochures, and any other objects or materials bearing any of the Counterfeit marks or the Counterfeit packaging, and all plates, molds, matrices and other means of making same, be delivered to the Court pending trial and, thereafter, to Plaintiff, for destruction.

D.    The Court award Plaintiff its actual damages caused by the Defendant's counterfeiting, infringement, and imitation of trademarks and trade dress, injury to business reputation, copyright infringement, false designation and representation of origin, false

17

advertising, deceptive acts and practices, and unfair competition, including all profits realized by reason of the Defendant's unlawful acts, and/or if Plaintiff elects, statutory damages.

E.     The Court award to Plaintiff treble the amount of its actual damages plus Defendant's profits recoverable by Plaintiff.

F.     The Court award Plaintiff its costs and expenses of bringing and maintaining this suit, including attorneys' fees.

G.     The Court award Plaintiffs such other and further relief as it deems appropriate.

BARTON BARTON & PLOTKIN LLP
Attorneys for Plaintiff

BY:

Mathew Hoffman (MH 9538)
420 Lexington Avenue, 18th floor
New York, New York 10170
(212) 687-6262

Of counsel:

Marsha G. Gentner
JACOBSON HOLMAN PLLC
400 7th Street, NW
Washington, DC 20004
(202) 538-6666

18



Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 3,127,305

Registered Aug. 8, 2006

## TRADEMARK
### PRINCIPAL REGISTER



KAWAN FOOD MANUFACTURING SDN. BHD. (MALAYSIA CORPORATION)
LOT 20, JALAN PENGAPIT 15/19
40000 SHAH ALAM, SELANGOR D.E., MALAYSIA

FOR: SAMOSAS; BREADS, NAMELY, ROTI PARATHA, STUFFED PARATHA, ROTITAS, NAAN BREAD, CHAPATTI, FLAT-BREAD; BUNS; BREADS; PAN CAKES; PUFF PASTRY; SPRING ROLLS; WAFFLES; GLUTINOUS RICE BALLS; CAKES; RICE CAKES; PIZZAS; PUDDINGS; PIES; NOODLES; TARTS; COOKIES; MOON CAKES; CURRY, IN CLASS 30 (U.S. CL. 46).

FIRST USE 0-0-1998; IN COMMERCE 0-0-1999.

THE FOREIGN WORD IN THE MARK CAN BE TRANSLATED FROM THE BAHASA MALAYSIAN INTO ENGLISH AS— (1) "BUDDY, FRIEND, COMPANION, OR CO- WORKER" OR (2) "COVEY OF PARTRIDGE".

SN 76-528,074, FILED 7-7-2003.

KATHLEEN M. VANSTON, EXAMINING ATTORNEY





# PX3A













# PX3C





# PX 4A





## Nutrition Facts

Serving Size : 80g
Servings Per Package : 5

Amount Per Serving :
Calories 345 — Calories from Fat 108

| | % Daily Value* |
|---|---|
| Total Fat 12g | 18% |
| Saturated Fat 7g | 35% |
| Trans Fat 0g | |
| Cholesterol 0mg | 0% |
| Sodium 347mg | 14% |
| Total Carbohydrate 35g | 12% |
| Dietary Fibre 1g | 14% |
| Sugars 5g | |
| Protein 5g | |

| Vitamin A | 0% | • | Vitamin C | 0% |
|---|---|---|---|---|
| Calcium | 5% | • | Iron | 2% |

Percent Daily values are based on a 2000 calorie diet. Your daily values may be higher or lower depending on your calorie needs.

| | | Calories | 2000 | 2,500 |
|---|---|---|---|---|
| Total Fat | Less than | | 65g | 80g |
| Sat. Fat | Less than | | 20g | 25g |
| Cholesterol | Less than | | 300mg | 300mg |
| Sodium | Less than | | 2400mg | 2400mg |
| Total Carbohydrate | | | 300g | 375g |
| Dietary Fibre | | | 25g | 30g |

Calories Per gram:
Fat 9 • Carbohydrate 4 • Protein 4

## Maklumat Pemakanan / Nutrition Information

Saiz Hidangan / Serving size :
Bilangan Saiz Hidangan Setiap Pakej / Servings per Package : 25

| | Sehidangan / Per Serving (80g) | Per 100g |
|---|---|---|
| Tenaga / Energy | 265kcal (1109 kJ) | 331kcal (1386 kJ) |
| Karbohidrat / Carbohydrate | 35g | 44g |
| Protein / Protein | 5g | 6g |
| Lemak / Fat | 12g | 15g |
| mengandungi / comprising of : | | |
| Asid Lemak Mono Tak Tepu / Mono - unsaturated Fatty Acid | 3.2g | 4g |
| Asid Lemak Poli Tak Tepu / Poly - unsaturated Fatty Acid | 0.8g | 1g |
| Lemak Tepu / Saturated Fat | 8g | 10g |
| Asid Lemak Trans / Trans Fatty Acid | 0g | 0g |
| Kolesterol / Cholesterol | 0mg | 0mg |
| Natrium / Sodium | 347mg | 433mg |

**Ramuan:**
47% Tepung Gandum...
Garam dan Serbuk...

Allergy Information : Contains - Wheat.

... Margarine (Huile de palmier banco)...



PRODUCT OF MALAYSIA
PRODUCTS IN MALAYSIA

9  556587  988107

---

Ambil satu packet Paratha dari peti sejuk beku.
*Remove a packet of Plain paratha from freezer.*
Enlever un paquet de la Naturel Paratha du congelateur.
第一包 Plain Paratha 烙饼由冰柜的冷藏烙取出。

Kopek lapisan plastik daripada sebelah Paratha dan lemak bahagian yang terdedah di atas kuali leper yang dipanaskan, kemudian kopek lapisan plastik yang sebelah lagi dan goreng selama 1-1½ minit.
*Peel one side of the plastic layering from the Plain Paratha and place the uncovered side on a preheated pan, remove the second piece of plastic layering and panfry for 1-1½ minutes.*
Peler la couverture de plastique d'un seul côté de la Naturel Paratha et placer le côté découvert sur un poele pochauffe. Enlever la seconde couverture de plastique et faire frire pour 1-1 minute 1/2.

Tekan Paratha perlahan-lahan dan terbalikkan. Panaskan selama 1-1½ minit lagi, sehingga kedua-dua belah Paratha berwarna perang.
*Press the Plain Paratha gently and turn it over. Panfry for 1-1½ minutes again, until both sides are golden brown.*
Presser la Naturel Paratha delicatement et la tourner sur l'autre cote'. Faire frire de 1-1 minute 1/2 jusqu'a ce que les deux cote soient brunies.

Apabila kedua-dua belah Paratha telah cukup masak, angkat Paratha dari kuali. Tepuk-tepukkan Paratha pada bahagian tepi supaya lebih lembut dan pebu.
*When both sides are ready, remove the Plain Paratha from the pan. Using both hands, pat the Plain paratha gently by the edge to make it light and fluffy.*
Quand les deux cote sont prets, enlever la Naturel Paratha du pothe. Avec les deux mains, tapoter les bords de la Naturel Paratha pour la rendre legere et souffle.

# PX 4B











BUATAN MALAYSIA
PRODUCT OF MALAYSIA
PRODUCT DE MALAYSIA

# PX 6

