UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
KAWAN FOOD MANUFACTURING SDN BHD,

                                                     **Case No. 10 CIV 2027 (ARR)**

                Plaintiff,          **ANSWER TO COMPLAINT**
                                                      **AND COUNTERCLAIMS**

      - against -

SOUTHERN FOODS USA, INC.,

                Defendant.
----------------------------------------------------------------------X

        **Southern Foods USA, Inc.** ("Southern") by their attorneys, **The Law Offices of LEE M. ZELDIN, ESQ.**, as and for his Answer to the Complaint of the Plaintiff, alleges as follows:

1. That the Answering Defendant denies each and every allegation of the paragraphs of the Complaint numbered "1", "15"-"48", and "52"-"72".

2. That the Answering Defendant denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint numbered "2"- "3", "6"-"13", "49"-"51".

3. Admits the allegations contained in Paragraph "4"- "5", and "14".

## AFFIRMATIVE DEFENSES

        Southern, without assuming the burden of proof on those matters for which Plaintiff bears such burden, alleges for its defenses as follows:

### FIRST DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2. No action or failure to act on the part of Southern was the proximate cause of any loss suffered by Plaintiff.

### THIRD DEFENSE

3. If any damages were sustained by Plaintiff, they were sustained as a result of Plaintiff's own negligence.

### FOURTH DEFENSE

4. If any damages were sustained by Plaintiff for reasons other than its own negligence, such damages were caused by the conduct of persons other than Southern, its employees or agents.

### FIFTH DEFENSE

5. Any claim brought by Plaintiff is barred by the doctrine of waiver.

### SIXTH DEFENSE

6. Any claim brought by Plaintiff is barred by the doctrine of ratification.

### SEVENTH DEFENSE

7. Any claim brought by Plaintiff is barred by the doctrine of estoppel.

### EIGHTH DEFENSE

8. Any claim brought by Plaintiff is barred by the doctrine of laches.

### NINTH DEFENSE

9. Any liability of Southern has been assumed by a third party.

### TENTH DEFENSE

10. Any action taken by Southern was pursuant to applicable law.

### ELEVENTH DEFENSE

11. Plaintiff has failed to mitigate any damages.

### TWELFTH DEFENSE

12. Southern acted reasonably and properly at all times and in accordance with commercially reasonable business practices.

### THIRTEENTH DEFENSE

13. Plaintiff has suffered no damages.

### COUNTER-CLAIMS

### FACTS

1. Upon information and belief, Plaintiff Kawan Food Manufacturing SDN BHD ("Kawan") is a corporation duly organized and existing under the laws of Malaysia, with a principal place

of business at Lot 20, Jalan Pengapit 15/19, 40000 Shah Alam, Selangor Darul Ehsan, Malaysia.

2. Southern Foods USA, Inc. ("Southern") is a corporation organized under the laws of the United States incorporated in the State of New York.

3. Kawan is a manufacturer and exporter of frozen Asian food products.

4. Southern is an importer and distributor of products, including Kawan products.

5. Between March 10, 2009 and March 23, 2010, Southern purchased $790,758.10 in Kawan product directly from Kawan.

6. Kawan's last delivery of Kawan product to Southern was in March 2010.

## FIRST COUNTER-CLAIM FOR BREACH OF CONTRACT

7. Defendant restates and realleges Paragraphs "1" to "6" above and hereby incorporates same by reference as if fully set forth herein.

8. Following the last delivery of Kawan product to Southern, on March 25, 2010, Southern wired $10,000.00 to Kawan as an advance to purchase more Kawan product.

9. On April 7, 2010, Southern wired $10,000 to Kawan as an advance to purchase more Kawan product.

10. On April 16, 2010, Southern wired $10,000 to Kawan as an advance to purchase more Kawan product.

11. On April 20, 2010, Southern wired $41,815 to Kawan as an advance to purchase more Kawan product.

12. Between March 25, 2010 and April 20, 2010 a total of $71,815 was received by Kawan from Southern as exhibited in DX1, which is attached.

13. Kawan had a duty to deliver the Kawan product to Southern in consideration of the $71,815 that was wired to Kawan between March 25, 2010 and April 20, 2010.

14. Kawan breach that duty by failing to deliver any product to Southern in consideration of the $71,815 that was wired to Kawan between March 25, 2010 and April 20, 2010.

15. Kawan never returned the $71,815 to Southern.

16. Southern received orders from third parties to purchase from Southern the Kawan product that was never delivered.

17. Southern suffered damages beyond the $71,815 that was wired to Kawan, because they were unable to resell the product to the third parties that had ordered it from Southern.

18. Southern would have made approximately $28,000 net profit from the resale of the Kawan product that was never delivered

19. As a result of Plaintiff's actions, Defendant has suffered damages in the amount of $99,815 plus interest from April 20, 2010.

## SECOND COUNTER-CLAIM FOR WRONGFUL CONVERSION AND RETENTION OF FUNDS

20. Defendant restates and realleges Paragraphs "1" to "19" above and hereby incorporates same by reference as if fully set forth herein.

21. As a result of Plaintiff's actions, Defendant has suffered damages in the amount of $99,815 plus interest from April 20, 2010.

## PRAYER FOR RELIEF

**WHEREFORE**, the Answering Defendant demands Judgment for the following relief: (a) Dismissing Plaintiff's Complaint; (b) Awarding Defendant actual damages caused by Plaintiff; and (c) Awarding reasonable attorney's fees and the costs and disbursements of this action, plus such other and further relief as the Court may deem just and proper.

Dated: Smithtown, New York
       May 21, 2010

THE LAW OFFICES OF LEE M. ZELDIN, ESQ.

By:_____
     Lee M. Zeldin, Esq.

Attorneys for Plaintiff
1038 West Jericho Turnpike
Smithtown, New York 11787
631-645-1380- tel
631-543-3462- fax
Lzeldin@Leezeldin.com

TO: Matthew E. Hoffman
    Barton, Barton & Plotkin LLC
    Attorneys for Plaintiff
    420 Lexington Avenue, 18th floor
    New York, New York 10170
    (212) 687-6262

    Marsha G. Genter
    Jacobson Holman PLLC
    400 7th Street, NW
    Washington, DC 20004
    (202) 538-6666

4

# DX1